# NOS. 12-14-00205-CR
## 12-14-00206-CR
## 12-14-00207-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *CHARLES EDWARD LUSK,*<br>*APPELLANT* | § | *APPEALS FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Charles Lusk appeals his three convictions for delivery of a controlled substance. He raises one issue relating to the defense of entrapment as a matter of law. We affirm.

### BACKGROUND

A Smith County grand jury returned three indictments against Appellant for the offense of delivery of a controlled substance. In cause numbers 12-14-00205-CR and 12-14-00207-CR, the indictments alleged that Appellant delivered cocaine in the amount of one gram or more but less than four grams, including any adulterants and dilutants. In cause number 12-14-00206-CR, the indictment alleged that Appellant delivered cocaine in the amount of less than one gram, including any adulterants and dilutants.

Appellant filed a motion to dismiss the State's indictments in each case based on entrapment as a matter of law. After conducting a hearing, the trial court denied Appellant's motions. Thereafter, Appellant pleaded "guilty" to each indictment and "true" to the two enhancement paragraphs alleged in each case. The trial court withheld a finding of guilt and ordered a presentence investigation be conducted. At the conclusion of the sentencing hearing,

the trial court found Appellant "guilty" in each case. In cause numbers 12-14-00205-CR and 12-14-00207-CR, the trial court assessed punishment at fifty years of imprisonment. In cause number 12-14-00206-CR, the trial court assessed punishment at twenty years of imprisonment. The sentences were ordered to run concurrently. This appeal followed.

### ENTRAPMENT

In his sole issue, Appellant contends the trial court erred by denying his motion to dismiss the State's indictments based on entrapment as a matter of law. As such, he asks this court to reverse the trial court's judgments and render a judgment of acquittal in each case.

**Standard of Review and Applicable Law**

It is a defense to prosecution that the defendant engaged in the conduct charged because he was induced to do so by a law enforcement agent using persuasion or other means likely to cause persons to commit the offense. TEX. PENAL CODE ANN. § 8.06(a) (West 2011). Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment. *Id.* Entrapment occurs when the activity of the police agent induces a person, with no predisposition to illegal conduct, to commit a crime. *England v. State*, 887 S.W.2d 902, 913 (Tex. Crim. App. 1994); *Sanders v. State*, No. 12-12-00342-CR, 2013 WL 3271033, at *1 (Tex. App.—Tyler, no pet.) (mem. op., not designated for publication).

In the pretrial context, a defendant is entitled to dismissal under Section 8.06 "only when he can establish entrapment as a matter of law with *conflict-free*, *uncontradicted*, *uncontested*, or *undisputed* evidence." *Hernandez v. State*, 161 S.W.3d 491, 499 (Tex. Crim. App. 2005). In reviewing a trial court's denial of a defendant's pretrial motion to dismiss based on entrapment "as a matter of law," we determine de novo whether any rational trier of fact could conclude that the undisputed facts failed to establish all of the elements of entrapment. *Id.* at 500. If the facts shown during the hearing are disputed, entrapment as a matter of law cannot be determined at the pretrial stage. *See id.* at 499.[1] Our review must take into account that the trial judge, as the trier of fact,

---

[1] Even if a defendant's testimony is not directly contradicted at the pretrial hearing, it may nevertheless be "disputed," because the trial judge, as the sole trier of fact, is not required to believe that testimony. *Hernandez v. State*, 161 S.W.3d 491, 500 (Tex. Crim. App. 2005). In such instances, a trial court does not err in overruling a motion to dismiss. *Id.*

was free to accept or reject all or any portion of any witness's testimony. *Varkonyi v. State*, 276 S.W.3d 27, 33 (Tex. App.—El Paso, 2008, pet. ref'd).

**Discussion**

Appellant testified that on the evening of November 8, 2013, he was approached by a "carload" of people (undercover police officers) in a Motel 6 parking lot waving at him to come towards them.[2] When he approached the vehicle, the undercover officers asked him if he knew "where anything's at." Appellant testified that, at first, he said "no." But after about two or three minutes of conversation regarding whether they (both Appellant and the undercover police officers) were the police, the undercover officers convinced him to "do something for them." That "something" was purchasing one hundred dollars' worth of crack cocaine.

Appellant testified that before the undercover officers left, he told them that he was going to a gas station approximately one mile away to play games. Before he reached the gas station, the undercover officers located him, made a u-turn, and told Appellant, "Come on, man. We'll take you to the Valero." Appellant testified that it was at that time that he decided to "do something for them." He explained that one of the passengers called him by his nickname, leading him to believe that he could trust them because they must have known him.

Once inside the officers' vehicle, Appellant made a phone call and told them that he would take them to the place where he could get them crack cocaine. Appellant testified that had he not been asked to get the crack cocaine, he would not have made the phone call that led to the delivery of crack cocaine on that night and on two other occasions.

On cross examination, Appellant agreed that he was not threatened or pressured into purchasing and delivering the cocaine. He testified that he said "no" three times before he was "talked into" purchasing the cocaine and delivering it to the police officers. His testimony later revealed that when he initially declined to deliver cocaine, Appellant asked the undercover officers what he would get out of it. One of the officers replied that he would give Appellant ten dollars. Appellant testified that had the undercover officer told him they would not give him anything, he would not have done it.

After the defense rested, the State called Lukas Neubauer, an officer for the Tyler Police Department. Officer Neubauer testified that he was with the narcotics unit driving through the Motel 6 parking lot on the night of November 6, 2013, because it was an area where they have

_____

[2] Appellant did not know the individuals inside the vehicle were undercover police officers.

3

received "a lot of drug complaints," and where they have made drug purchases in the past. He testified further that as they were driving through, he and the narcotics team saw Appellant walking in the parking lot, turned around, and drove up to him. As they approached Appellant, Officer Neubauer recalled, rolling down his window to talk to Appellant. He testified that Appellant was on his side of the vehicle when he spoke to him. Although Officer Neubauer could not remember the exact wording of what was said, he testified that the "gist" of the conversation was that they were looking to purchase crack cocaine.

According to Officer Neubauer, Appellant never told them "no" that evening, and demonstrated that he was not a police officer by showing them a crack pipe from his pocket. Officer Neubauer could not remember the specifics of his conversation with Appellant. But he testified that, in the past, they would offer anywhere from two to ten dollars or a "pinch" from the purchased drug as compensation to the individual who purchased and delivered the cocaine.

There is no recording of the undercover police officers' original contact with Appellant. But once Appellant agreed to make the purchase, the officers left the parking lot to obtain recording equipment. The officers returned, with the recording equipment, to the location near the gas station where Appellant told them he was going. They passed Appellant as he was walking down the street and turned around. As they slowed down, Appellant approached their vehicle and "immediately got in without any problem." Officer Neubauer testified that once Appellant was inside, he gave them directions and used the officer's cell phone to advise his connection that they were on their way.

Officer Neubauer testified that Appellant was "definitely agreeable" when they approached him about purchasing crack cocaine. "He seemed excited about the prospect that he could do this on multiple occasions[, and it didn't] take any kind of cajoling or convincing." Officer Neubauer explained that he attempted to get Appellant's phone number as a way to communicate in setting up future deals, but Appellant did not have a phone. As a result, Officer Neubauer gave Appellant his phone number and testified that Appellant called "very frequently" over the course of the next couple of weeks to see if they wanted more crack cocaine.[3]

---

[3] Officer Neubauer's testimony suggests that Appellant initiated the contacts with law enforcement that led to the commission of the subsequent offenses, which is contrary to Appellant's testimony that he was contacted by law enforcement on several occasions.

On cross examination, Officer Neubauer confirmed that if the driver of their vehicle had signaled Appellant to their car, he did not see it.

## Conclusion

It is undisputed that law enforcement officers asked Appellant if he knew where they could purchase crack cocaine. It is also undisputed that law enforcement officers drove Appellant to the location where he purchased the crack cocaine for them. While such conduct afforded Appellant the opportunity to commit the offense, it cannot be said that these undisputed facts prove entrapment as a matter of law. *See* TEX. PENAL CODE ANN. § 8.06(a).

The record shows a conflict regarding Appellant's willingness to engage in criminal activity. Appellant's contention that he was "talked into" committing the offense, when compared with Officer Neubauer's testimony that Appellant was "definitely agreeable," raises an issue of fact regarding whether (1) Appellant was induced and (2) whether law enforcement used persuasion or other means that caused him to commit the offenses. *See id.*; *Hernandez*, 161 S.W.3d at 499. There is also conflicting testimony regarding who initiated contact for the commission of the second and third transactions. And even if Appellant's testimony was not directly disputed, the trial court was not required to believe his testimony. *See id.* at 500. The trial court did not err in overruling Appellant's motion to dismiss based on entrapment as a matter of law. Accordingly, we overrule Appellant's sole issue on appeal.

## DISPOSITION

Having overruled Appellant's sole issue on appeal, we *affirm* the judgment of the trial court.

BRIAN HOYLE
Justice

Opinion delivered April 30, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 30, 2015**

**NOS. 12-14-00205-CR**

**CHARLES EDWARD LUSK,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 241st District Court

of Smith County, Texas (Tr.Ct.No. 241-0127-14)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 30, 2015**

**NOS. 12-14-00206-CR**

**CHARLES EDWARD LUSK,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 241st District Court

of Smith County, Texas (Tr.Ct.No. 241-0126-14)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 30, 2015**

**NOS. 12-14-00207-CR**

**CHARLES EDWARD LUSK,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 241st District Court

of Smith County, Texas (Tr.Ct.No. 241-0128-14)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*